UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-24050-MOORE/Elfenbein

**CHERYL WILKERSON**,

    Plaintiff,

v.

**CARNIVAL CORPORATION**,

    Defendant.
_____/

<u>**ORDER ON DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL EXPERT REPORT**</u>

**THIS CAUSE** is before the Court on Defendant Carnival Corporation's ("Defendant") Motion to Strike Plaintiff's Untimely Disclosed "Supplemental" Expert Report of Dr. Cesar Ceballos (the "Motion"), ECF No. [84]. The Honorable K. Michael Moore referred this case to me "to take all necessary and proper action as required by law and/or to issue a Report and Recommendation regarding Defendant's Motion to Strike Plaintiff's Untimely Disclosed "Supplemental" Expert Report of Dr. Cesar Ceballos."[1] ECF No. [158]. In the Motion, Defendant asks the Court to "strike the untimely March 24, 2025 supplemental report of Plaintiff's expert, Dr. Cesar Ceballos, in all respects, and not permit any opinions expressed therein to be used for any purpose at trial or otherwise." ECF No. [84] at 10. For the reasons explained below, the Motion, **ECF No. [84]**, is **GRANTED**.

---

[1] Defendant's Motion, which is based on Plaintiff's non-compliance with Federal Rule of Civil Procedure 26(e), constitutes a motion concerning discovery, so it falls within the scope of that referral. *See* Fed. R. Civ. P. 26 (explaining the "general provisions governing discovery"). To the extent that the Motion requests relief beyond discovery matters, the relief addresses non-dispositive issues within Judge Moore's referral. *See* ECF No. [42]; ECF No. [158].

I.     BACKGROUND

This lawsuit arises from Plaintiff's alleged fall aboard Defendant's cruise ship on October 26, 2022, while disembarking the Carnival Glory on a gangway ramp (the "Incident"). *See* ECF No. [19] at ¶13. Plaintiff alleges that the gangway was "unreasonably slippery" and the gangway lacked the adequate anti-slip strip and slip-guard. *See id*. As a result of the "dangerous conditions," Plaintiff "sustained severe injuries that include, but are not limited to, a complex tear of the anterior horn of her right knee, a midbody region lateral meniscus, injuries to her right knee, pain, suffering, and other serious injuries, which require surger(ies) including, but not limited to, a total knee replacement." *See* ECF No. [19] at ¶¶14-15.

On May 22, 2024, the Court entered an Order granting in part, Plaintiff's Motion to Stay the action citing Plaintiff's "numerous continuing medical needs, particularly of importance is that she recently received a recommendation for a total knee replacement surgery, and she will be having this surgery when she is able to schedule it, and she will need additional time for her experts to incorporate this surgery into their reports." ECF No. [34] (quoting ECF No. [33]). On September 17, 2024, the Court reopened the case. *See* ECF No. [38]. On September 27, 2024, the Court entered its Order Scheduling Trial for June 30, 2025 (the "Scheduling Order"). ECF No. [40]. The Scheduling Order set the deadline for expert disclosures on February 20, 2025, the discovery deadline for March 21, 2025, and the *Daubert* motion deadline for April 11, 2025. *See* ECF No. [40].

On February 20, 2025, Plaintiff served her Expert Witness Disclosures providing Dr. Cesar Ceballos's expert report (the "Original Report"), which listed the medical records he reviewed in connection with forming his expert opinions, none of which were the arthroscopic photos taken on July 11, 2023 (the "Photos"). *See* ECF No. [84-1]. On March 21, 2025, Defendant completed the

deposition of Dr. Ceballos wherein he testified that he had not seen the Photos. *See* ECF No. [84] at 2. After the close of discovery, on March 24, 2025, Plaintiff served Dr. Ceballos's Supplemental Report (the "Supplemental Report"). *See* ECF No. [84-2].

In the Motion, Defendant argues that the Supplemental Report does not supplement any of the opinions set forth in the Original Report; instead, it contains new opinions based on information that was readily available to Plaintiff since Plaintiff's knee arthroscopy conducted on July 11, 2023. *See* ECF No. [84] at 3. Arguing that the untimely disclosure was neither substantially justified nor harmless, Defendant asks the Court to strike the Supplemental Report.

Plaintiff's Response, in turn, argues that she timely disclosed the Supplemental Report under Rule 26(a)(3), which states that, "[u]nless the court orders otherwise, these disclosures must be made at least 30 days before trial." *See* ECF No. [95] at 1-2 (quoting Fed. R. Civ. P. 26(a)(3)(B)). According to Plaintiff, she disclosed the Supplemental Report more than 30 days prior to trial, which is scheduled for June 30, 2025, so the disclosure complies with Rule 26. *See* ECF No. [95] at 1-2. Plaintiff also argues that Defendant does not demonstrate it suffered any prejudice because Defendant can depose Dr. Ceballos again. *See* ECF No. [95] at 3.

In its Reply, Defendant argues that Plaintiff offers no justification for the delay and fails to rebut the legal authorities Defendant cited, effectively conceding the Supplemental Report's untimeliness. *See* ECF No. [108] at 2-3. Defendant reiterates that allowing the Supplemental Report would unfairly prejudice its case and reward Plaintiff's improper litigation tactics in violation of the Court's Scheduling Order. *See id*. The Motion is now ripe for review.

**II.   LEGAL STANDARD**

Starting its analysis with the timing of expert witness reports and their supplements, the Court first notes that "[d]istrict courts have 'unquestionable' authority to control their own

dockets." *Smith v. Psychiatric Sol., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (internal citation omitted). "This authority includes 'broad discretion in deciding how best to manage the cases before them.'" *Id*. (internal citation omitted). Rule 26(a)(2) governing expert disclosures reinforces this principle. Specifically, subsection (a)(2)(D) requires that "[a] party must make [expert] disclosures at the times and in the sequence that the court orders." *See* Fed. R. Civ. P. 26(a)(2)(D). Subsection(e)(2) governing supplements to expert disclosures and responses requires that "[a]ny additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." *See* Fed. R. Civ. P. 26(e)(2). Rule 26(a)(3)(B), in turn, states that "*[u]nless the court orders otherwise*, these disclosures must be made at least 30 days before trial." *See* Fed. R. Civ. P. 26(a)(3)(B) (emphasis added).

"Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, compliance with the requirements of Rule 26 is not merely aspirational." *See Reese v. Herbert*, 527 F.3d 1253, 1266 (11th Cir. 2008) (quotation marks omitted). For that reason, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Turning to the substance of the disclosures, "[a]n expert report must be complete to the point where opposing counsel is not forced to depose an expert in order to avoid ambush at trial; and moreover must be sufficiently complete so as to shorten or decrease the need for expert depositions and thus to conserve resources." *Mustafa v. United States*, No. 21-CV-20633, 2022 WL 18023327, at *3 (S.D. Fla. May 16, 2022) (quotation marks omitted). "Supplementation is permitted under Rule 26(e) to correct inaccuracies or add information not available when the report

4

was filed." *Crawford v. ITW Food Equip. Group, LLC*, 977 F.3d 1331, 1341 (11th Cir. 2020).

Courts in this District routinely strike expert disclosures, reports, and testimony as a sanction for failure to comply with Rule 26(a). *See, e.g.*, *Brown v. NCL (Bahamas) Ltd.*, 190 F. Supp. 3d 1136, 1143 (S.D. Fla. 2016) (excluding expert's opinion that Plaintiff suffered traumatic brain injury because the expert disclosure was incomplete and was not timely supplemented). And the Eleventh Circuit routinely affirms a district court's decision to strike expert disclosures, reports, and testimony as a sanction for failure to comply with Rule 26(a). *See, e.g.*, *Reese*, 527 F.3d at 1266 (affirming the exclusion of an expert's affidavit because the party's "failure to comply with Rule 26(a) was both unjustified and harmful to the defendants"); *Romero v. Drummond Co.*, 552 F.3d 1303, 1323 (11th Cir. 2008) (affirming the exclusion of three expert witnesses because the disclosure reports for the witnesses did not comply with the requirements of Rule 26(a)(2)(B)); *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 825 (11th Cir. 2009) (affirming the grant of a "Motion to Strike the bases in support of" expert testimony that were "first disclosed during and following the *Daubert* hearing and not specifically referred to earlier in the Rule 26(a) report or the deposition"). Moreover, the Eleventh Circuit has "held that a supplemental expert report may be excluded pursuant to Federal Rule of Civil Procedure 37(c) if a party fails to file it prior to the deadline imposed." *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1252 (11th Cir. 2007) (citing *Williamson Oil Co. v. Philip Morris USA*, 346 F.3d 1287, 1323 (11th Cir. 2003)). The reason the Rules permit — and courts impose or enforce — such significant sanctions for failing to adequately disclose an expert or an expert report is because the "expert disclosure rule is intended" to "prevent surprise" and "to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *See Reese*, 527 F.3d at 1265–66.

### III.  DISCUSSION

As explained above, Defendant argues that the Supplemental Report is neither timely nor an appropriate supplement of the Original Report as Rule 26(e) contemplates. *See* ECF No. [84] at 2-3. The Court agrees. Plaintiff does not dispute that she served the Supplemental Report on March 24, 2025, which was after the close of discovery. *See* ECF No. [95] at 3. Rather, Plaintiff argues that Rule 26 permits supplemental expert disclosures so long as they are made at least 30 days before trial. *See* ECF No. [95] at 2-3. In doing so, Plaintiff quotes the very language in Rule 26(a)(3) that refutes her position — this 30-day deadline applies "***[u]nless the court orders otherwise***," and it did. *See* ECF No. [95] at 2-3; Fed. R. Civ. P. 26(a)(3)(B)) (emphasis added).

Here, the Court's Scheduling Order explicitly provides that expert disclosures must be completed 130 days before trial — by February 20, 2025 — and that "[a]ll discovery, including expert discovery," must be completed 100 days before trial — by March 21, 2025. *See* ECF No. [40]. Notably, the Court has already addressed a closely related issue when the Parties jointly sought clarification regarding the deadline for rebuttal expert disclosures. *See* ECF No. [29]. In that Order, the Court emphasized that Rule 26(a)(2)(D)'s default timing provisions, including the 30-day rebuttal period, apply only "[a]bsent a stipulation or a court order," and reaffirmed that all expert disclosures and discovery, including rebuttal reports, must conform to the deadlines set by the Court — not the default rules. *Id*. (quoting Fed. R. Civ. P. 26(a)(2)(D)). Accordingly, Plaintiff was or should have been aware that any expert disclosures — including supplemental or rebuttal reports — were subject to the Court's Scheduling Order. Her reliance on Rule 26(a)(3) is therefore misplaced, and the Supplemental Report is untimely regardless of whether it is a "supplement" as under Rule 26(e).

Nevertheless, the Court finds that the Supplemental Report is not a supplement but a new

6

opinion analyzing new information. Under Rule 26(e), a party may serve a supplemental expert report only if it corrects inaccuracies or includes information not previously available. *See Crawford*, 977 F.3d at 1341. The Supplemental Report does neither. The Photos Dr. Ceballos now relies on were available to Plaintiff and her counsel since July 11, 2023 — over nineteen months before the February 20, 2025 disclosure deadline. Plaintiff offers no explanation as to why these images were not provided earlier to Dr. Ceballos or why Dr. Ceballos did not review them in preparing his Original Report.

Moreover, the Supplemental Report contains new substantive opinions based on the Photos — opinions that were not included in the Original Report. Rule 26(a)(2)(B) requires an expert's report to contain "a complete statement of all opinions the witness will express." Plaintiff cannot now use Rule 26(e) to cure omissions or add new support for her case after the disclosure and discovery deadlines have passed. *See Crawford*, 977 F.3d at 1341 ("Rule 26(e) is not a vehicle to permit a party to serve a deficient opening report and then remedy the deficiency through a supplemental report."). The Court finds that the Supplemental Report is not a supplement as contemplated by Rule 26(e). For these reasons, the Court finds that the Supplemental Report is untimely and improperly designated as "supplemental;" and thus subject to being stricken in accordance with Rule 37(c)(1).

Given the untimely disclosure of the Supplemental Report, the Court must next consider whether it should be stricken. When a party fails to comply with Rule 26(a) or (e), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Additionally, "a supplemental expert report may be excluded pursuant to Federal Rule of Civil Procedure 37(c) if a party fails to file it prior to the deadline imposed." *Corwin*, 475 F.3d at 1252

(citing *Williamson Oil*, 346 F.3d at 1323).  "'[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless.'" *Dyett v. North Broward Hosp. Dist.*, 2004 WL 5320630, at *2 (S.D. Fla. Jan. 21, 2004) (quoting *Salgado v. General Motors Corp.*, 150 F.3d 735, 742 (7th Cir.1998)).

"Generally, when assessing whether there was substantial justification for the failure to disclose or whether the failure to disclose was harmless, courts consider four factors: (1) the importance of the excluded testimony; (2) the explanation of the party for its failure to comply with the required disclosure; (3) the potential prejudice that would arise from allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Managed Care Sols., Inc. v. Essent Healthcare, Inc.*, No. 09-60351-CIV, 2010 WL 1837724, at *4 (S.D. Fla. May 3, 2010) (quoting *Warner v. Ventures Health Care of Gainesville, Inc.*, 2001 WL 36098008 *1 (M.D. Fla. Aug. 1, 2001)).  Before deciding whether it should strike the Supplemental Report, the Court will analyze each of these factors.

As to the first factor, Plaintiff asserts that the Supplemental Report will assist in determining the merits of the case.  *See* ECF No. [95] at 4.  The Court notes that the Supplemental Report directly relates to Plaintiff's claim of a knee injury, and the information contained in the Supplemental Report may be important to rehabilitate the credibility of Dr. Ceballos's causation opinions as to this knee injury.  Thus, this factor weighs against striking the Supplemental Report, but this is the only factor that weighs in Plaintiff's favor.

As to the second factor, Plaintiff fails to address whether there is any justification, much less a substantial justification, for her late disclosure.  Nor does the Court deem Plaintiff's mistaken interpretation of this Court's Scheduling Order as justification for Plaintiff's violation.  Not only is the Scheduling Order clear, but the Court previously clarified this very matter relating to the

rebuttal expert disclosures. *See* ECF No. [29]. And the Court cannot conceive of a substantial justification when Plaintiff has had the Photos, which are the subject of the Supplemental Report, for more than nineteen months before the issuance of the Supplemental Report. Because Rule 26(a)(2)(B) places the duty on the party seeking to introduce the expert testimony, the Court sees no basis to find that Plaintiff had any substantial justification for this untimely disclosure. *See United States v. Batchelor–Robjohns*, No. 03–20167–CIV, 2005 WL 1761429, at *3 (S.D. Fla. June 3, 2005). This factor supports striking the Supplemental Report.

Turning to the third factor, which addresses the issue of prejudice and harmlessness, Plaintiff argues that Defendant cannot establish that it was prejudiced because it "can simply depose Dr. Ceballos prior to trial." *See* ECF No. [95] at 3. The Court disagrees. As previously stated, expert reports "must be complete to the point where opposing counsel is not forced to depose an expert in order to avoid ambush at trial … and to shorten or decrease the need for expert depositions and thus to conserve resources." *Mustafa*, 2022 WL 18023327, at *3. Plaintiff's late disclosure and proposal of an additional expert deposition would undermine the purpose of expert witness disclosures — to avoid surprise and allow fair preparation. This factor also supports striking the Supplemental Report.

Addressing the fourth and final factor, the availability of a continuance to cure the prejudice, trial is scheduled to begin on June 30, 2025, and critical discovery, expert, and dispositive motion deadlines have expired. Plaintiff and her counsel have already caused delays and engaged in misconduct that has prejudiced Defendant and created additional work in the lead-up to trial. *See* ECF No. [157]. It would be unfair for Defendant to continue bearing the burden of Plaintiff's repeated failures to comply with the Federal Rules of Civil Procedure and this Court's Scheduling Order. Thus, this factor also weighing in favor of striking the Supplemental Report.

9

CASE NO. 23-CV-24050-MOORE/Elfenbein

On balance, the Court finds that Plaintiff's untimely disclosure of the Supplemental Report was neither substantially justified nor harmless, requiring that the Supplemental Report be stricken. Accordingly, Plaintiff's Motion to Strike Defendants' Expert Disclosures, **ECF No. [84]**, is **GRANTED**.

**DONE and ORDERED** in Chambers in Miami, Florida on June 9, 2025.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record